IN RE: INQUIRY CONCERNING A JUDGE, NO. 10-194 JOHN WILLIAM TOTTEN, II, RESPONDENT

No. 471A11

(Filed 9 March 2012)

## Judges— ex parte order—signing erroneous order—not fully reviewed

A judge was censured by the North Carolina Supreme Court for his conduct where, after accepting a driving while impaired plea, he initiated an *ex parte* contact with the defense attorney about setting aside the interlock device requirement and signed without fully reviewing an order that resulted in the suppression of the defendant's blood alcohol concentration.

**IN RE TOTTEN**

[365 N.C. 458 (2012)]

This matter is before the Court pursuant to N.C.G.S. §§ 7A-376 and -377 upon a recommendation by the Judicial Standards Commission entered 22 September 2011 that respondent John William Totten, II, a Judge of the General Court of Justice, District Court Division, State of North Carolina Judicial District Twenty-Six, be censured for conduct in violation of Canons 1, 2A, 3A(1), and 3A(4) of the North Carolina Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b). Calendared for argument in the Supreme Court on 9 January 2012, but determined on the record without briefs or oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure and Rule 2(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or respondent.*

ORDER OF CENSURE

By the recommendation of the North Carolina Judicial Standards Commission ("Commission"), the issue before this Court is whether respondent John William Totten, II ("respondent") should be censured for conduct in violation of Canons 1, 2A, 3A(1), and 3A(4) of the North Carolina Code of Judicial Conduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b).

The facts are not in dispute and respondent does not oppose the Commission's recommendation that he be censured. Respondent waived his right to a formal hearing before the Commission, and counsel for the Commission, respondent, and counsel for respondent entered the following stipulations:

1. The Commission is a body organized under the laws of North Carolina and is authorized to recommend to the North Carolina Supreme Court (Court) the censure, suspension and removal of Judges and Justices of the General Court of Justice pursuant to the Constitution of North Carolina, Article IV, Section 17, and the procedures prescribed by the North Carolina General Assembly in the North Carolina General Statutes, Chapter 7A, Article 30.

2. Judge John William Totten, II, (Respondent) was at all times referred to herein a Judge of the General Court of Justice, District Court Division, Judicial District 26, and as such is subject to the Canons of the North Carolina Code of Judicial Conduct, the

laws of the State of North Carolina, and the provisions of the oath of office for a district court judge set forth in the North Carolina General Statutes, Chapter 11.

3. On October 13, 2010, the North Carolina Judicial Standards Commission (Commission), in accordance with its Rule 9, notified Respondent that it had ordered a formal investigation to determine whether formal proceedings should be instituted against him under Commission Rule 12. The notice generally informed the Respondent of the nature of the alleged misconduct to be investigated, that the investigation would remain confidential in accordance with G.S. § 7A-377 and Commission Rule 6, and that Respondent had the right to present for the Commission's consideration any relevant matters which he might choose.

4. On March 24, 2011, Respondent was personally served with a Statement of Charges in this matter in which the Commission concluded that formal proceedings should be instituted against Respondent based on the evidence developed by the formal investigation into this inquiry. On April 8, 2011, the Commission entered an Order extending Respondent's time to Answer until May 3, 2011 based on Respondent's unopposed motion filed that same day. The Respondent timely filed a Verified Answer on May 2, 2011.

5. Notice of Hearing was mailed to Respondent and Respondent's counsel on July 14, 2011, notified [sic] that a hearing would commence at 10:00 a.m. on November 10, 2011 in the North Carolina Court of Appeals Courtroom located at 1 West Morgan Street, Raleigh, North Carolina for the purpose of determining whether or not the allegations contained in the Statement of Charges against the Respondent could be proven by clear and convincing evidence.

Evidentiary Facts

6. On September 24, 2010, Respondent presided over a session of criminal district court in Mecklenburg County. During that session of court, the matter of State of North Carolina v. Glenmore Hopkins File Nos. 10 CR 205803 and 205804 were scheduled for disposition. Hopkins was charged with Driving While Impaired (DWI) in 10 CR 205803 and Careless and Reckless Driving (C&R) in 10 CR 205804. Pursuant to a plea agreement, Hopkins, who was represented by attorney David Lange, entered a plea of guilty to the charge of DWI. Assistant [D]istrict [A]ttorney

IN RE TOTTEN

[365 N.C. 458 (2012)]

Steven Hardgrave dismissed the charge of C&R. Hardgrave arraigned Hopkins and proffered to the court the relevant facts to support the charge, including the breath alcohol concentration (BAC) test result of 0.17. All proffered evidence was heard by the Respondent and without objection or motion from the defense. Respondent found Hopkins guilty of DWI, entered a level four sentence and the hearing was concluded.

7. At the conclusion of the proceeding as described in Paragraph 6, Lange approached the assistant clerk of court working in the courtroom, Dana McComb, to retrieve Hopkins' paper-work, whereupon Respondent requested that Lange approach the bench. Respondent advised Lange of Respondent's intent to set aside the requirement for an interlock device for Hopkins. Respondent then asked McComb about the procedure for setting aside the interlock device that would be recognized by the Division of Motor Vehicles. McComb stated that she was required to report to the Division of Motor Vehicles BAC results of 0.15 and above in DWI convictions, unless an order was entered. Respondent told Lange that if he would prepare an order that he would sign it. Lange agreed to prepare the order. All of Respondent's conversations with Lang[e] and McComb referenced in this paragraph took place in the courtroom, at the bench, during an open session of court, but not as part of the official proceedings in this matter. Hardgrave was not asked to participate in the discussion between Respondent, Lange and McComb, nor was Hardgrave aware of the substance of the discussion when it occurred. Respondent initiated this ex parte communication with Lange.

8. Following the conversation described in paragraph 7, Lange returned to the courtroom and handed Respondent a prepared order to suppress the BAC results in Hopkins' matter. Lange left the bench, got Hardgrave, the ADA present in the courtroom, and came back to the bench. Hardgrave was not given the opportunity to make substantive arguments on the entry of the order before Respondent stated that the State's objection to entry of the order was noted. Respondent signed the Order to Suppress. The recol-lections of the Respondent differ from McComb and Hardgrave on whether the order was signed before or after Hardgrave approached the bench and Respondent noted the State's objection.

9. The order entered by Respondent resulted in the suppression of the BAC results in Hopkins' DWI conviction. The order stated that this matter was heard by the Respondent during

the morning session of court for Mecklenburg County on September 24, 2010 and present in [c]ourt was counsel for the defendant, David R. Lange and the State of North Carolina was represented by Assistant District Attorney Stephen Hardgrave. The order further stated the matter was heard on the defense counsel's Motion to Suppress the results of the chemical analysis given to the defendant on February 8, 2010. In addition the order stated that it was entered based upon the review of the evidence, arguments made by counsel on the motion, a review of the record and the law. Because he believed that he was signing a form order setting aside the interlock device, Respondent did not fully review the order before signing it and was not aware of the erroneous findings and conclusions contained therein.

10. Respondent acknowledged it was his responsibility to read fully the order and to understand both the nature of the order and the applicable law prior to his signing the order. Respondent should have known that the order he signed suppressing the chemical analysis (BAC) given to Hopkins on February 8, 2010 required a motion to suppress and a hearing. Respondent offers by explanation that he did not read the entire order and that his actions were based on his incorrect understanding of the law.

11. Respondent's statements in his January 14, 2011 interview by Judicial Standards Commission Investigator R. Glenn Joyner were made to the best of his knowledge and recollection at the time of those interviews. His recollection was different in some respects than other individuals involved in the above proceedings. Respondent acknowledges that the recollections of others may be accurate on some of those issues, but Respondent never made any intentional misrepresentations or any statements for the purpose of misleading the Commission and the investigation into this matter.

12. Respondent acknowledge[d] that he [wa]s represented by counsel in the[ ] proceedings and that he [wa]s entitled to go forward with the hearing scheduled for 10:00 a.m. Thursday, November 10, 2011. However, after having discussed the matter with his counsel, upon acceptance by the Commission of this stipulation and joint recommendation for a Censure, Respondent waive[ed] his right to a hearing and acknowledge[d] that his conduct set out in the stipulations establishes by clear and convincing evidence conduct prejudicial to the administration of justice

**IN RE TOTTEN**

[365 N.C. 458 (2012)]

that brings the judicial office into disrepute in violation of G.S. § 7A-376(b).

13. Respondent acknowledges further that the conduct admitted in this stipulation is in violation of Canons 1, 2A, 3A(1) and (4) of the Code of Judicial Conduct.

14. Respondent, with the consent of Counsel to the Commission, agrees to accept a recommendation of Censure from the Commission to the North Carolina Supreme Court.

Following a hearing on 7 September 2011, the Commission made findings of fact and incorporated, as additional findings of fact, the stipulations agreed to by respondent, respondent's counsel, and the Commission. Determining that the findings of fact were based upon clear and convincing evidence, the Commission concluded as a matter of law that respondent's conduct "constitutes conduct in violation of Canons 1, 2A, 3A(1) and (4) of the Code of Judicial Conduct" and "constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b)." On 22 September 2011, the Commission unanimously concurred in a recommendation that this Court censure respondent.

This Court concludes that the Commission's findings of fact are supported by the stipulations and by other evidence in the record. In addition, we conclude that the Commission's findings of fact support its conclusions of law. Therefore, we accept the Commission's findings and adopt them as our own. Based upon those findings and conclusions and the recommendation of the Commission, we conclude and adjudge that respondent be censured.

Therefore, pursuant to N.C.G.S. §§ 7A-376(b) and -377(a5) and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent John William Totten, II be CENSURED for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b) and which violates Canons 1, 2A, 3A(1), and 3A(4) of the Code of Judicial Conduct.

By order of the Court in Conference, this the 8th day of March, 2012.

s/Jackson, J.
For the Court